SANTIAGO REYES, Plaintiff and Appellant, *v.* RAMÓN VÁZQUEZ FUENTES and DIONISIO VÁZQUEZ FUENTES, Defendants and Appellees.

No. 8309. Argued May 27, 1941.—Decided June 3, 1941.

*F. R. Aponte,* for appellant. *M. Velázquez Flores,* for appellees.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

In his complaint before the District Court of Humacao, Santiago Reyes alleged that he was the owner of a property of three cuerdas; that in said property and towards the east boundary, each one of the defendants has erected a small frame house in which they live occupying the land of the plaintiff at sufferance, without paying rental or any other consideration whatsoever, and without any title or right; that the defendants have been requested to move out from the strips of land that they respectively occupy and they have refused to do so, and the plaintiff ends praying that the ejectment of the defendants be ordered by the court.

Both defendants answered the complaint. They denied that they had (erected) any house on plaintiff's land, and, on the contrary alleged that each of them owns a house situated on the properties of José María Ortiz, with boundaries to

the east with the land alleged to be the plaintiff's; that the defendants have never occupied land that forms part of the property described in the complaint, which is completely unoccupied and at the disposal of the plaintiff.

The case having been heard, the lower court rendered judgment dismissing the complaint and ordering the plaintiff to pay to defendants the sum of $50 as attorney's fees.

The plaintiff appellant assigns four errors in the appeal, to wit: (a) that the judgment was contrary to the law; (b) that the trial judge erred in finding that the houses of the defendants were not within the property object of the proceeding; (c) that the conclusion at which the lower court arrived to the effect that the plaintiff had to establish previously an action for the fixing of boundaries to determine the exact measurements and boundaries of the property was erroneous; and (d) that the judgment is contrary to the evidence.

■ As it may be seen, all the assignments of error are related to the appraisal of the evidence and therefore, they can be jointly discussed. We will start by making a summary of the evidence.

The plaintiff presented the deed by which he acquired from Ramón Vázquez, father of the defendants, a property which is described as follows:

"RURAL.—A lot of land of three cuerdas, located in the Ward 'Candelero Abajo' within the Municipality of Humacao, with boundaries to the north with Felipe del Rosario, to the south with Manuel Surillo, *to the east with the estate of José María Ortiz,* and to the west with the estate of Manuel Santiago." (Italics supplied.)

The plaintiff testified: that he is the owner of a lot of land bought from Ramón Vázquez Medina; that the defendant Ramón Vázquez Fuentes is in possession of a part of the property, which he occupies with a small house, situated fifteen to twenty rods from the east boundary, with the estate of José María Ortiz; that on the boundary line there is a rail imbedded in the direction of a mastic tree to the

south; that the small house lies within the boundaries of his property; that the other defendant has another small house, also within the boundaries of his property, about 35 rods from the east boundary; that he has requested both defendants to leave the property, and they have refused to do so. On cross-examination he answered that when he bought the property, it was not measured; that it is possible that the property may have more or less three cuerdas; that he paid for three cuerdas, "those which the boundaries say"; that he does not know how many cuerdas there are in the property of the estate of Ortiz which his property borders on the east; that the houses were built a long time ago, before he bought the property; that he cannot state definitely whether the land occupied by the houses is included in the three cuerdas which he bought, but he thinks they are; that the boundaries that the property now has are the same that it had when he bought it; that he has never fenced the property on any side; that the boundaries of his property have never been determined in relation to other surrounding properties; that the rail on the boundary line was placed there by the Ortiz Estate.

Ramón Vázquez, previous owner of the property and father of the defendants testified: that the houses of the defendants are situated outside the property of three cuerdas sold by him to the plaintiff; that his house and those of his sons are situated on land belonging to the Ortiz Estate, at a short distance from the boundary; that about five years ago he lived on that boundary line, in a small house, which is the same one where he lives now; that he owned the property ten or twelve years and that during all that time it had the same boundaries it has now; that the only house that was in his property is the one that he occupies; that on the boundary with the Ortiz Estate there is no tree or rail to mark it.

The defendant, Ramón Vázquez Fuentes, testified: that the two houses in question are on land of the Ortiz Estate

and not within the three cuerdas that his father sold to the plaintiff; that there is no natural boundary between one property and the other; that about five years ago he lived within the three cuerdas and about two years ago he moved to the land of the Ortiz Estate; that he moved his house from the land of his father to that of Ortiz; that he moved the house because his father told him he had sold the three cuerdas to the plaintiff.

At the request of the plaintiff, the court made an ocular inspection, after which the case was submitted for decision. We copy forthwith that part of the decision of the lower court that refers to the appraisal of the evidence:

". . . From the evidence offered by the plaintiff the following facts arise:

"That Santiago Reyes bought the property described in the complaint from Ramón Vázquez Medina, father of the defendants; that Ramón Vázquez Fuentes occupies in the eastern part of the property a portion of the same in which is located a house that measures ten meters in width by eight meters in depth; that Dionisio Vázquez Fuentes occupies the other part of the property in which the other house is located; that when he bought the property the two houses were there; that he has not measured the three cuerdas sold to him; that the two houses were in a corner of the Australia Plantation; that in the deed the landmarks of the property were not mentioned, nor the boundaries established.

"The evidence of the defendants tends to show that the two houses that they live in are within the land of the Estate of José María Ortiz, and that they have been occupying the same for five years.

"At the request of the parties the court made an ocular inspection of the property and of the houses involved in this suit. By the appraisal that this judge made of the boundaries as they were indicated by the plaintiff and the defendants, he arrives at the conclusion, in harmony with the oral evidence, that the lot of land included within the boundaries that Santiago Reyes showed, has a capacity of more than three cuerdas.

"Likewise, this court believes that the plaintiff has not shown, with the evidence presented, that those two houses were within the three cuerdas of land that he bought from the father of the defendants. The situation between the parties as to their respective rights could

not be decided by the court in this case without previously establishing the boundaries of plaintiff's property and determining its exact measurements. The court fears that in finding for the plaintiff, under the conditions that the evidence shows, it would commit a great injustice.''

From the evidence a conflict of titles results, since that of the defendants tends to uphold the plea that the plaintiff does not have any title over the land occupied by their respective houses. From the evidence a serious conflict also arises as to whether the houses are located within the boundaries of the property that is described in the complaint or to the contrary, whether they lie on the other side of the eastern boundary of said property, in lands owned by persons who are not parties to this action. The lower court decided this conflict in favor of the defendants, undoubtedly estimating that it was the plaintiff who was bound to prove that the houses of the defendants are really located within the limits of his property. The evidence presented by the plaintiff is in truth insufficient to convince a court that the defendants are illegally occupying the lands of the plaintiff. The plaintiff himself showed that he was not sure of the certainty of his pleadings, for on cross-examination he stated that he was not sure whether the land occupied by the houses is a part of the three cuerdas that he bought, and he only dared to say that he thinks it is owned by him. Under this circumstances, we cannot say that the lower court has erred in the appraisal of the evidence.

There is another reason—not invoked by the appellees—why we must affirm the judgment appealed from. The following facts have been accepted by both parties: that the defendants built the houses in question at their own expense and that they are owned by them, that they are occupied by them and their families; that those houses existed where they are now, years before the plaintiff bought the property of three cuerdas; and that when the plaintiff acquired the property, he had full knowledge that those houses existed.

Assuming that the houses are located on land of the plaintiff, the position of the defendants is that of builders and possessors in good faith, and as such they have the right to possess and occupy these buildings until the owner of the land pays them the cost of the materials and labor. The complaint in this case does not allege that the plaintiff has made that payment before the filing of the complaint, and therefore, it does not allege sufficient facts for the plaintiff to establish an action of unlawful detainer at sufferance.

See: *Rivera* v. *Santiago,* 56 P.R.R. 361; *Carrasquillo* v. *Ripoll and Maldonado, Int.,* 56 P.R.R. 375; *Palermo* v. *District Court, ante,* 191; and *Maldonado et al.* v. *Rodríguez, ante* page 778.

The judgment appealed from must be affirmed.